IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> Plaintiff, <br> <br> v. <br> <br> LAS HARDWOODS, INC., <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. <br> <br> C O M P L A I N T <br> <br> **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sexual orientation and to provide appropriate relief to an individual who was adversely affected by such practices. As alleged with greater particularity below, Defendant LAS Hardwoods discriminated against an employee when it subjected him to harassment based on his sexual orientation.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed primarily within the jurisdiction of the United States District Court for the Northern District of Illinois.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and

enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been an Illinois corporation doing business in the State of Illinois and the City of Elmhurst, in DuPage County.

5. At all relevant times, Defendant has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Charging Party K.S. filed EEOC Charge No. 440-2022-03982 with the Commission alleging violations of Title VII by LAS Hardwoods.

8. On January 8, 2024, the Commission issued to LAS Hardwoods a Letter of Determination finding reasonable cause to believe that LAS Hardwoods violated Title VII by discriminating against K.S. by subjecting him to harassment because of his sex (sexual orientation).

9. The Commission invited LAS Hardwoods to engage in informal conciliation efforts to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with LAS Hardwoods to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure a conciliation agreement acceptable to the

Commission.

12. On March 25, 2024, the Commission issued to LAS Hardwoods a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

14. Charging Party K.S. was an employee of LAS Hardwoods at its Elmhurst, Illinois location from July 2020 to February 2022.

15. From approximately July 2020 to February 2022, LAS Hardwoods engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. 2000(e)-2(a)(1). In particular:

   a. These practices included, but are not limited to, frequently subjecting K.S. to verbal and physical harassment because of his sexual orientation. For example:

      i. Asking K.S. if he was "gay," if he "liked boys," and mocking him for having a "boyfriend;"

      ii. Regularly mocking K.S.'s appearance, clothing, accessories, hairstyle, personal grooming, speech, handwriting, and mannerisms as being too feminine and, therefore, "gay;"

      iii. Regularly referring to K.S. by slurs such as "pedal" (the Polish language equivalent of "f*ggot") and "lalus" (the Polish language equivalent of "girly girl");

      iv. Regularly mocking K.S. for being "gay" and calling him slurs, such as "pedal," in front of customers; and

      v. Tying K.S. to a chair, writing "I am Gaylord" on his chest, spinning him in

      the chair and mocking him while taking pictures and videos, and then leaving him alone and tied to the chair until he was able to free himself.

    b. LAS Hardwoods knew or should have known about the harassment because it took place in the presence of managers and at times managers participated and because K.S. complained to LAS Hardwoods about the harassment.

    c. LAS Hardwoods failed to prevent and/or remedy the harassment. Even after K.S. complained to LAS Hardwoods, it did not take action to end the harassment and the harassment continued.

    d. From at least July 2020 through February 2022, LAS Hardwoods did not have policies against discrimination or harassment.

    e. From at least July 2020 through February 2022, LAS Hardwoods failed to train its employees not to engage in discrimination or harassment or how to complain about discrimination or harassment.

16. The effect of the practices complained of above has been to deprive K.S. of equal employment opportunities and otherwise adversely affect his status as an employee because of his sexual orientation.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of K.S.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining LAS Hardwoods, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from

4

engaging in any employment practices which discriminate on the basis of sexual orientation.

  B.  Grant a permanent injunction enjoining LAS Hardwoods, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

  C.  Order LAS Hardwoods to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of sexual orientation and which eradicate the effects of its past and present unlawful employment practices.

  D.  Order LAS Hardwoods to make whole K.S. by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  E.  Order LAS Hardwoods to make whole K.S. by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

  F.  Order LAS Hardwoods to make whole K.S. by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

  G.  Order LAS Hardwoods to pay K.S. punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  H.  Grant such further relief as the Court deems necessary and proper in the public interest.

  I.  Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

Dated June 13, 2024                                              Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Karla Gilbride
General Counsel

Christopher Lage
Deputy General Counsel

Gregory Gochanour
Regional Attorney

Deborah Hamilton
Assistant Regional Attorney

*s/ Elizabeth B. Banaszak*
Elizabeth B. Banaszak
Trial Attorney
U.S. Equal Employment Opportunity Commission
Chicago District Office
230 S. Dearborn, Suite 2920
Chicago, IL 60604
312-872-9676
Elizabeth.Banaszak@eeoc.gov
Illinois ARDC # 6299035