IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
**OCT 09 2024**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| U.S. EQUAL OPPORTUNITY COMMISSION, PLAINTIFF, <br> V. <br> LAS HARDWOODS, INC., <br> DEFENDANT. | ) <br> ) <br> ) No: 24-cv-04899 <br> ) Hon. Andrea R. Wood <br> ) |

## MOTION OF DEFENDANT TO DISMISS COMPLAINT OF PLAINTIFF

Now comes the named Defendant LAS HARDWOODS, INC., an Illinois corporation, by an through its attorney Adam J. Augustynski, and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Honorable Court to dismiss the Complaint of Plaintiff filed on June 13, 2024 with prejudice.

### INTRODUCTION

1. Plaintiff has filed a complaint against a legal person claiming that for a continuous period of approximately nineteen months, "LAS Hardwoods engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. 2000(e)- 2 (a) (1)" - as is alleged in Paragraph 15.

2. There are only purely conclusory statements made - and there is absolutely no claim that "Charging Party K.S." ever made any of the allegations which he is making through Plaintiff here to anyone at the office of Defendant before his termination for cause and separation from employment or that this may be nothing more than some sort of revenge for his termination for cause - the information for which termination was provided to Plaintiff by Defendant during the pre-suit "investigatory phase initiated by Plaintiff but is found nowhere in the Complaint.

3. There is also no factual basis that anything which may be listed in Paragraph 15 a. i. ii ,iii, iv, or v. as to which person(s) and on which dates made any such statements or took any such actions - and how any such person may be related to the Defendant and whether that person was acting in an official capacity as an agent of Defendant when making such statements.

1

4. The purported undercarriage of this vehicle and of its "claims" is that an entire company allegedly "frequently subject[ed] this person to "verbal and physical harassment because of his sexual orientation" - but there is no claim that "Charging Party K.S" ever disclosed his "sexual orientation" while he was employed or what exactly his "orientation" was supposed to be - or whether "Charging Party K.S." has any corroboration of what exactly "regularly mocking" or "regularly referring" may mean, or if these allegations were first made after the Plaintiff's "investigation" commenced.

5. For unknown reasons, Plaintiff has declined to provide any material facts, any incidents, any dates and any actual information on any of these allegations - or any documents or records made at any time - especially during the period of employment- which could in any way lead Defendant to understand what this case is about and who exactly is claimed to have done what when and where to "Charging Party K.S.".

6. It is not reasonably possible to file a response to "allegations" made by a federal agency on behalf of an individual who never disclosed anything at all to the Defendant's manager or owners before or during or after the period of employment- and which "Charging Party K.S." was never allowed to discuss anything during the "investigation".

7. Each of these allegations is obviously lacking in factual support and does not pass as plausible to withstand a Motion to Dismiss pursuant to Federal Rule of Procedure 12(b) (6). The allegations only claim that "LAS Hardwoods knew or should have known" of unknown alleged acts at unknown times and by unknown persons with unknown connections to the Defendant and that "K.S. complained" about unknown matters at an unknown times - and that "K.S. complained to LAS Hardwoods" without even mentioning to whom and in what manner - as

there are no e-mails or letters ever provided to Defendant even to date about any such matters.

8. The conclusory statements continue throughout the complaint - including statements that there were "intentional" "unlawful employment practices" and even that such unknown "unlawful employment practices' "were done with malice or with reckless indifference to the federal protected rights of K.S." as alleged make no sense as these statements are not tethered to any time or listed as against any particular person - and there are no allegations that the termination of this "Charging Party K.S" was due to anything but his failures as an employee.

9. What exactly is the "malicious and reckless conduct" or the "unlawful practices" - and who engaged in anything like this. The complaint does not provide any real information about this.

10. If the unspecified conduct was engaged in by mere affiliates of Defendant, then imputation of such "conduct" to a joint employer would also be improper - as speech or criminal or quasi-criminal acts of unknown persons not reported to an employer would not be automatically attributed to an employer of a "violator employee" and a "victim employee".

## **RELEVANT FACTUAL ALLEGATIONS**

1. The facts alleged in the Complaint, which are deemed accepted as true , only establish that Plaintiff 's "Charging Party K.S." was employed with Defendant for about nineteen months and that an unknown person or persons somehow allegedly affiliated with Defendant during the course of that time period took actions such as "frequently subjecting", "regularly mocking, "regularly referring" and so on.

2. The facts presented are few and unclear and do not link the employment of K.S. to any actions known or reported to The Defendant or its managers or supervisors - and do not allege that any of this Paragraph 15 material in any way affected the employment of "Charging Party K.S." -or who at Defendant knew (and how and when) of these allegations.

3. The information provided in the complaint fails to set forth sufficient factual matter to render any of the claims against this Illinois corporation "plausible on their face" and thereby satisfy the standard enunciated by our United States Supreme Court in Iqbal and Twombly. See Ashcroft v. Iqbal, 556 US 662 (2009) - and Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007).

4. Pursuant to Federal Rule of Civil Procedure 8 (a), " a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." The Iqbal Court specified that per the Twombly decision at 555, "pleading requires more than an unadorned the-defendant unlawfully-harmed-me accusation", citing Papasan v. Allain, 478 U.S.265, 286 (1986). This is exactly that type of general and unpermitted pleading that is found in this complaint.

5. This complaint in this case offers "labels and conclusions" and " a formulaic recitation of the elements of a cause of action [and] will not do." Twombly, at 555.

6. In addition, this complaint offers "naked assertion[s]" without any factual context or detail - and also is "devoid of factual enhancement." Id. at 557.

7. This complaint does not have the "facial plausibility" - as the court here cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged". Id, at 556.

4

8. Critically, "the plausibility standard" is not akin to a "probability requirement", "but it asks for more than a sheer possibility that a defendant [here a local corporation} has acted unlawfully". Ibid.

9. Here, the few "rare as hen's teeth" facts suggested at best arguendo " are merely consistent with a defendant's liability" - which means that this complaint "stops short of the line between possibility and plausibility of entitlement to relief". Id, at 557.

10. Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" - as in Paragraph 15 of this complaint -"do not suffice". Id. at 555. In addition, the court should not consider legal conclusions couched as factual allegations, which also is a defect of this complaint.

11. To emphasize, this plaintiff "is armed with nothing more than conclusions" and "the doors of discovery should not be unlocked" here - as the complaint should be dismissed with prejudice . Id. This is in fact one of those "mere possibility of misconduct" complaints which seeks to accuse an entire corporation for the alleged statements of unknown persons at unknown times -which needs to be dismissed - as confirmed in the Iqbal case.

12. Separately, pursuant to Illinois law even if the individual(s) who allegedly uttered any of the statements made or participated in the "chair incident" alleged were to be disclosed as they should be, "under traditional agency analysis, a "principal or employer may be subject to various liability for the tortious conduct of its agent or employee only if the conduct fell within the scope of the agency or employment" Doe v. Lyft. Inc., 2020 Il. App (1st) 191328, at Paragraph 19).

13. Moreover, if an agent's conduct "is not within the scope of the agency or employment" or "if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the principal or employer", then the principal is not liable for the conduct", Id, quoting Pyne v. Witmer, 543 N.E.2d 1304 (1989).

14. Obviously there are no facts here presented by the Plaintiff that a company which sells quality wood flooring products had as a specific intentional policy of some sort that encouraged or allowed any activity by unknown persons at unknown times to discuss or comment about "sexual orientation issues" while in the course of employment.

15. And because the ownership or officers of Defendant have not not been alleged to have known as of a specific date of any specific actions by unknown persons with respect to "Charging Party K.S." - who does not provide any even basic factual substantiation of the bare conclusions presented- so Defendant had no power to taka any remedial or corrective action. Separately, Plaintiff improperly claims a right to "punitive damages" without even having taken any discovery in the case. Our Illinois Supreme Court has found that because of their penal nature punitive damages are not favored in law, and the courts must take caution to see that punitive damages are not improperly or unwisely awarded. See Kelsay v. Motorola, inc.,74 Ill.2d 172, 188 (1979).

16. In point of fact, punitive damages are disfavored and are generally inappropriate absent evidence of outrageous conduct or acts committed with malice or a reckless indifference toward the rights of others. See McCann v. Presswood, 308 Ill.App.3d 1068 (4th Dist. 1999). The request for "punitive damages" against an entire corporation based on alleged actions of unknown persons at unknown times is especially unfortunate and baseless - as nothing is

presented that would factually link the corporation Defendant to someone at some time - obviously not acting for the Defendant- supposedly making general statements relating to the unknown "sexual orientation" of "Charging Party K.S."

WHEREFORE THE DEFENDANT RESPECTFULLY REQUESTS THAT THE COMPLAINT OF PLAINTIFF BE DISMISSED WITH PREJUDICE.


Respectfully submitted,

*[signature]*
Adam J. Augustynski
Attorney for Defendant
5850 W. Bryn Mawr Avenue
Chicago, IL 60646; 773-775-0044; e-mail:augustynski@aol.com; ILARDC #6203670.

1-24-CV-04899 - US EEOC V. LAS HARDWOODS, INC. –page eight of eight – Motion of Defendant to Dismiss Complaint of Plaintiff.

**VERIFICATION AND CERTIFICATION**

STATE OF ILLINOIS  )
COUNTY OF COOK     ) SS.

I MALGORZATA BIALON having been sworn on my oath do certify and verify and confirm that all of the information contained in the above and foregoing pleading is true and correct and complete- and as and for each and every statement which is made on information and belief that I verily believe the same to be true and correct and complete.

_____ MALGORZATA BIALON, as agent of LAS HARDWOODS, INC., an Illinois corporation     October 8, 2024.

Prepared by:
Adam J. Augustynski
Attorney for Defendant
5850 W. Bryn Mawr Avenue; e-mail: augustynski@aol.com
Chicago, IL 60646; 773-775-0044; ILARDC # 6203670