IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, | ) ) ) | Civil Action No. 1:24-cv-4899 |
| | ) ) | Judge Andrea R. Wood |
| v. | ) ) | |
| | ) | Magistrate Judge Heather K. |
| LAS HARDWOODS, INC., Defendant. | ) ) ) ) | McShain |

**PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff the U.S. Equal Employment Opportunity Commission ("EEOC") hereby

responds to the Motion to Dismiss filed by Defendant LAS Hardwoods, Inc. ("Defendant"),

Docket Number 11. Defendant has articulated no legally cognizable basis for its request to

dismiss the EEOC's Complaint, let alone a dismissal with prejudice. The EEOC's Complaint

alleges a plausible claim of sexual orientation harassment under Title VII that places Defendant

on notice of the basic elements of its claim. Therefore, Defendant's motion should be denied.

**I.      BACKGROUND**

In its Complaint, the EEOC alleges that Defendant subjected a now-former employee,

K.S., to harassment based on his sexual orientation throughout his employment at Defendant's

Elmhurst, Illinois store from July 2020 to February 2022. ECF 1, ¶¶ 14-15.[1] The Complaint

describes how the employee was regularly subjected to egregious homophobic slurs, including

"pedal" (the Polish language equivalent of "f*ggot") and "lalus" (a Polish language slur meaning

"girly girl"). *Id.* at ¶ 15(a)(iii)-(iv). The Complaint also describes that the employee was

---

[1] The EEOC identifies the employee in its Complaint by his initials (K.S.) and his EEOC charge
number. Defendant does not claim it is unaware of the identity of the employee.

routinely mocked for his appearance, clothing, accessories, hairstyle, personal grooming, speech, handwriting, and mannerisms because they were too feminine and therefore "gay." *Id*. at ¶ 15(a)(ii). In one incident described in the Complaint, the employee was tied to a chair and "I'm Gaylord" was written on his chest while employees of Defendant spun him around and took pictures and videos of him. *Id*. at ¶ 15(a)(v).

The Complaint further alleges that Defendant's managers participated in the harassment and witnessed the harassment. ECF 1, ¶ 15(b). When the employee complained to Defendant, the Complaint explains that Defendant took no action and the harassment continued throughout his employment. *Id*. at ¶ 15(c). The Complaint also notes that Defendant had no policies against discrimination or harassment and failed to train its employees not to engage in harassment or how to complain to Defendant about harassment. *Id*. at ¶ 15(d)-(e).

## II.     LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). This statement need only "provide enough detail to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible rather than merely speculative, that he is entitled to relief." *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 998 (2002). The Supreme Court explicitly upheld Rule 8 and its "notice" pleading standard in the *Twombly* and *Iqbal* decisions. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 403-404 (7th Cir. 2010) (discussing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Further, there is no heightened pleading standard for employment discrimination cases and no requirement that a plaintiff plead all of the facts that it might eventually need to establish a *prima facie* case at the summary judgment phase. *See Swierkiewicz*, 534 U.S. at 515; *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013). To the contrary, the Seventh Circuit has repeatedly affirmed that "to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [their] sex." *See Luevano*, 722 F.3d at 1028. *See also Tamayo*, 526 F.3d at 1081, 1084 (affirming the "minimal pleading standard" for discrimination claims, which can be pled "quite generally"); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 781 (7th Cir. 2007) (in a discrimination claim, it is sufficient to plead "I was turned down for a job because of my race"). Otherwise, "requiring the plaintiff to plead those unknown details before discovery would improperly deny the plaintiff the opportunity to prove its claim." *Concentra Health Services, Inc.*, 496 F.3d at 780; *Tamayo*, 526 F.3d at 1081 ("[L]itigants are entitled to discovery before being put to their proof[.]").

At the motion to dismiss phase, the complaint is construed in the light most favorable to the plaintiff and all possible inferences are drawn in the plaintiff's favor. *See Tamayo*, 526 F.3d at 1081.

## III.   ARGUMENT

### a.   *The EEOC Has Pled a Plausible Claim of Sexual Orientation Harassment*

Citing no case law beyond the basic prescriptions of *Iqbal* and *Twombly*, Defendant argues that the EEOC's Complaint does not plausibly allege a claim of sexual orientation harassment. *See* ECF 11. Defendant complains that, amongst other things, the EEOC does not

provide every detail of each incident of harassment or list all the facts the EEOC might

eventually rely on to prove employer liability for the harassment. *Id*. at ⁋ 3, 10. Defendant also

complains that the EEOC's Complaint doesn't specify whether the EEOC has corroborating

witnesses and is not accompanied by contemporaneous records proving that the harassment

occurred. *Id*. at ⁋⁋ 4, 5, 7. Defendant provides no legal support for its position that any of these

things are required by Rule 8's notice pleading standard.

The EEOC alleges that Defendant violated Title VII by subjecting now-former employee

K.S. to harassment based on his sexual orientation. ECF 1, p. 1 ("Nature of the Action").

Discrimination based on sexual orientation is a form of sex discrimination under Title VII.

*Brown v. Ferrara Candy Co*., 22-cv-04875, 2023 WL 6519973, *4 (N.D. Ill. Oct. 5, 2023)

(citing *Bostock v. Clayton Cnty*., 140 S. Ct. 1731, 1746–47 (2020)). To state a claim that K.S.

was subjected to a hostile work environment based on sexual orientation, the EEOC must

plausibly allege that "(1) he was subject to unwelcome harassment; (2) the harassment was based

on his … sex; (3) the harassment was severe or pervasive so as to alter the conditions of his work

environment by creating a hostile or abusive situation; and (4) there is a basis for employer

liability." *Brown*, 2023 WL 6519973 at *4 (citing *Cooper-Schut v. Visteon Auto. Sys*., 361 F.3d

421, 426 (7th Cir. 2004)).

The EEOC's allegations that K.S. was regularly called a "f*ggot" and other homophobic

slurs, mocked for dressing and acting "gay," and that he was tied to a chair and the word

"Gaylord" written on his chest all establish that the alleged harassment was based on his sexual

orientation. The EEOC's allegations that he was harassed routinely throughout his year and a

half of employment, including frequent verbal harassment  (mocking him for being "gay" and

"liking boys" and "having a boyfriend") combined with instances of egregious verbal and

physical harassment (calling him a "f\*ggot" and tying him to a chair) demonstrate that the harassment was both severe *and* pervasive (though it need only be one or the other). *See, e.g., Williams v. Chi. Trans. Auth.*, 24-cv-1874, 2024 WL 3455022, \*3 (N.D. Ill. July 18, 2024) (citing *Hall v. City of Chi.*, 713 F.3d 325, 330 (7th Cir. 2013)) ("one extremely serious act of harassment could rise to an actionable level as could a series of less severe acts."); *Brown*, 2023 WL 6519973 at \*5 (citing *Alamo v. Bliss*, 864 F.3d 541, 549 (7th Cir. 2017)) ("A severe episode that occurs as rarely as once and a relentless pattern of less[er] harassment both may violate Title VII."). And the EEOC's allegations that Defendant's managers watched and participated in the harassment, that Defendant had no anti-harassment policies or training, and that K.S. complained but Defendant took no action and the harassment continued, set forth a basis for employer liability. *See, e.g., Lasarge v. Fastex Logistics, Inc*., 23 C 14836, 2024 WL 3011359, \*1 (N.D. Ill. June 14, 2024) ("Plaintiff has sufficiently pled a basis for employer liability in that the harassment was perpetrated by a supervisor, and that Defendant was made aware of the harassment and failed to take reasonable care in remedying it.").[2]

While the EEOC's claim must be plausible, "[a] complaint need not allege all, or *any*, of the facts logically entailed by the claim, and it certainly need not include evidence." *Tamayo*, 526 F.3d at 1081 (internal citations omitted). *See also Garrett v. Family First Center of Lake Cnty*, 23 C 17074, 2024 WL 1858863, \*2 (N.D. Ill. April 29, 2024) (plaintiff need not meet the eventual evidentiary burdens of Title VII at the pleadings stage). The EEOC has alleged the necessary components to put Defendant on fair notice of its claim by alleging that K.S. was subjected to harassment because of his sexual orientation by managers at Defendant's Elmhurst

---

[2] Defendant cites two state court cases about agency and employer liability under Illinois state tort law that do not apply the liability standards of Title VII and are therefore not persuasive, or even informative, on this issue. *See* ECF 11, ¶¶ 12-14.

store throughout his year and a half of employment with Defendant from July 2020 to February 2022. *See Huri v. Off. of the Chief Judge of the Circuit Ct. of Cook Cnty.,* 804 F.3d 826, 834 (7th Cir. 2015) ("The basic questions … are answered here: the type of discrimination (national origin and/or religion); the whom (Huri's supervisors); and the when (from 2002 through the date suit was filed).")*; Williams*, 2024 WL 3455022, *3 (plaintiff "has alleged the basic components of her claim: 'the type of discrimination' (on the basis of sex and sexual orientation); 'the whom' (other employees); 'and the when' (on numerous occasions)."). *See also Brown*, 2023 WL 6519973 at *6 (complaint need not recite exact words said, or timing of, alleged incidents of harassment to state a claim). Therefore, Defendant's argument that the EEOC's Complaint does not recite certain facts or contain evidence *proving* its allegations misses the mark. The EEOC has plausibly alleged a claim of sexual orientation harassment and Defendant's motion should be denied.

   b.   *The EEOC Is Entitled to Seek Punitive Damages*

Defendant also complains that punitive damages are "disfavored" and that the EEOC "improperly claims a right to 'punitive damages' without even having taken discovery." ECF 11, ¶¶ 15-16. Defendant cites two state court cases, one of which discusses whether punitive damages are available for a claim of wrongful discharge under a specific Illinois state law and the other of which discusses when punitive damages can be appropriately pled in a state law case alleging negligent damage to property. *Id*. citing *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172 (1978) and *McCann v. Presswood*, 308 Ill.App.3d 1068 (4th dist. 1999). None of this has any bearing on the EEOC's Title VII claim.

Punitive damages are available under Title VII where the Defendant has engaged in intentional discrimination with malice or reckless indifference to the federally protected rights of

an aggrieved individual. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526, 529-30 (1999) (citing 42 U.S.C. § 1981a(b)(1)). The EEOC's Complaint alleges the elements required to properly plead a request for punitive damages. ECF 1, ¶¶ 17-18. The Complaint also alleges facts supporting the EEOC's request for punitive damages, including that Defendant had no policy against discrimination or harassment and provided no training to its employees on discrimination or harassment or how to complain about discrimination or harassment, that Defendant's managers witnessed and participated in the harassment, and that Defendant took no action to stop the harassment even after K.S. complained. *Id*. at ¶¶ 15(b)-(e). Defendant has articulated no basis to dismiss the EEOC's request for punitive damages before the EEOC has had the opportunity to explore these issues in discovery.

    c. *Dismissal With Prejudice is Not an Appropriate Remedy for Any Deficiencies in the EEOC's Complaint*

    Alternatively, if the Court determines there are any deficiencies in the EEOC's Complaint, the EEOC requests permission to file an amended complaint. Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party "may amend the party's pleading once as a matter of course at any time before a responsive pleading is served[.]" A motion to dismiss the complaint is not a responsive pleading. *Crestview Vill. Apts. v. United States HUD*, 383 F.3d 552 (7th Cir. 2004). Further, even after a responsive pleading, Rule 15(a)(2) provides that leave to amend a complaint "shall be freely given when justice so requires." Leave to amend a complaint should be denied only if there has been undue delay, dilatory motive on the part of the plaintiff, failure to cure previous deficiencies, undue prejudice, or where the amendment would be futile. *See Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

Defendant cites no legal support for its request for a dismissal with prejudice. Defendant has only filed a motion to dismiss, and, if necessary, the EEOC can add additional facts to its Complaint to cure any Rule 8(a) defect that the court might find. Therefore, Defendant's request for a dismissal with prejudice should be denied. The EEOC should be allowed to file an amended Complaint as a matter of course pursuant to Rule 15(a)(1), or by leave of the court pursuant to Rule 15(a)(2), if the Court determines that an amended complaint is necessary.

## IV.  CONCLUSION

For the reasons stated above, the EEOC requests that the Court DENY Defendant's motion to dismiss in its entirety or, in the alternative, allow the EEOC to file an amended complaint.

Dated: October 25, 2024                      Respectfully submitted,

_s/ Elizabeth B. Banaszak_
Elizabeth B. Banaszak
Anne Gallerano
Trial Attorneys
U.S. EEOC, Chicago District Office
230 S. Dearborn, Suite 2920
Chicago, IL 60604
(312) 872-9676
elizabeth.banaszak@eeoc.gov