

**FILED**

**NOV 08 2024**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, PLAINTIFF, V. LAS HARDWOODS, INC., DEFENDANT. | ) ) ) ) No: 24-cv-04899 ) Hon. Andrea R. Wood ) ) |

### REPLY TO RESPONSE TO MOTION OF DEFENDANT TO DISMISS COMPLAINT OF PLAINTIFF

Now comes the named Defendant LAS HARDWOODS, INC., an Illinois corporation, by and through its attorney Adam J. Augustynski, and pursuant to Federal Rule of Civil Procedure 12 (b)(6), respectfully moves this Honorable Court to dismiss the Complaint of Plaintiff filed on June 13, 2024 with prejudice and replies to the response to the motion to dismiss by Defendant as follows:

1. The Plaintiff to date has not turned over its "investigatory file" to Defendant - and it is believed that all of the allegations in the pending complaint are based on uncorroborated and self-serving allegations made by Plaintiff's "Charging Party K.S." - which allegations were not reported to Defendant and which this individual "reported" to Plaintiff after "Charging Party K.S." was terminated for cause from employment with the Defendant.

2. The Response restates the allegations in the complaint- but does not provide any facts as to whether and when these alleged incidents- were reported by the individual - and whether there is any corroboration of the version of the former employee by any person- or whether there is none.

1

3. Tellingly, there are zero witnesses disclosed by the Plaintiff who are not now or have once been affiliated with the Defendant- and aside from the one "chair" incident which Defendant learned about well after the one-minute incident where "Charging Party K.S." seems to be smiling in the cell-phone video and in no way upset or coerced, Defendant was not informed of any such matters by its employee and after the "investigation" was begun, cooperated fully but was never informed which person is alleged to have taken what action or made what statement on what date and where relating to this terminated employee.

4. The full might and unlimited resources of the federal government agency have here been targeted on this small family business based on what really is speculation - and perhaps a persuasive self-serving "story" told to an investigator by a person who had ample motivation to seek to smear the Defendant and to cause it to be enmeshed in federal litigation.

5. The issues which the Plaintiff has as its mission are serious and worthy - but statements made by one person to Plaintiff's investigator when that person has completely failed to inform his employer about any such alleged matters in the Defendant's workplace can credibly be seen as a "fishing expedition" by Plaintiff to seek to find something in discovery which it does not have - such as the request of Plaintiff for specific information about financial information of the Defendant and all employees of the Defendant, which have nothing to do with the issues in this case.

6. Pursuant to the Iqbal and Twombly analyses provided by our United States Supreme Court, merely listing what one person may tell an "investigator" does not in any way provide "fair notice" to a Defendant who here was never informed of any of these matters alleged or of the sexual orientation of "Charging Party K.S" by this person - or that this person believed anything inappropriate may have been going on while he was employed- and Plaintiff claims that no "investigation" was done and that some sort of "discrimination" was occurring - when something not known cannot possibly be investigated.

7. The argument of Plaintiff - for example on Page 4 of the Response- rests on pure hearsay as relating to the agency - and Defendant cannot believe that this suit can go forward in any way based on the "allegations" without any substantiation - and it is illogical that - as stated on page 5 of the Response that there can have been "unwelcome" and "severe and pervasive" harassment of an individual who never told his employer about any such matters, never told anyone else known to the employer about any such matters - until he was terminated for cause and to the view of Defendant sought to cause financial harm to the Defendant.

8. There is no information provided as required under the Iqbal and Twombly standards in the complaint - and Plaintiff now seeks after filing suit - after declining to turn over its "investigatory file" as requested to date by Defendant - to seek to gather information from Defendant about the statements to Plaintiff of "Charging Party K.S.", which is a "cart before the horse" issue which should lead to dismissal of this complaint.

3

9. Next, Plaintiff does not indicate how it would seek to amend its complaint while arguing that this complaint should not be dismissed with prejudice - and does not provide any caselaw in support of such argument.

10. As far as the "punitive damages" argument raised on page 6 to 7 of the Response, the Defendant's lack of any concurrent knowledge of any of these allegations - coupled with rules which constituted a policy that all employment issues or problems be reported to a manager or to its supervisor Malgorzata Bialon- would mandate that it any allegations of "intentional discrimination with malice or reckless indifference" as listed on the bottom of page 6 of the Response should be dismissed before any "discovery" - as one cannot do an "intentional" things without being aware that any issue of alleged "discrimination" was claimed to have been occurring.

WHEREFORE THE DEFENDANT RESPECTFULLY REQUESTS THAT THIS HONORABLE COURT GRANT THE MOTION TO DISMISS THIS COMPLAINT OF PLAINTIFF WITH PREJUDICE.

Respectfully submitted,

Adam J. Augustynski
Attorney for Defendant
5850 W. Bryn Mawr Avenue
Chicago, IL 60646; 773-775-0044; e-mail:augustynski@aol.com; IL ARDC #6203670.