IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | No. 24-cv-04899 |
| v. | ) ) | Judge Andrea R. Wood |
| LAS HARDWOODS, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

Defendant's motion to dismiss [11] is denied. See the accompanying Statement for details.

## STATEMENT

Plaintiff, the United States Equal Employment Opportunity Commission (the "EEOC"), has brought the present action against Defendant LAS Hardwoods, Inc. ("LAS") alleging employment discrimination on the basis of sexual orientation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Specifically, the EEOC alleges that the Charging Party, a former LAS employee identified by the initials K.S, was subjected to a hostile work environment based on his sexual orientation. LAS has filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 11.) For the reasons that follow, the motion is denied.

### I. Background

For purposes of the motion to dismiss, the Court accepts as true all well-pleaded facts in the Complaint and views those facts in the light most favorable to the EEOC as the non-moving party. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Complaint alleges as follows.

K.S. worked at the Elmhurst, Illinois location of LAS from July 2020 to February 2022. (Compl. ¶ 14, Dkt. No. 1.) For approximately the entire time he was employed by LAS, individuals at LAS subjected K.S. to what the EEOC describes as frequent verbal and physical harassment because of his sexual orientation. (*Id.* ¶ 15(a).) That harassment included asking K.S. if he was gay and "liked boys," and mocking his appearance, speech, handwriting, and mannerisms for being too feminine. (*Id.*) K.S. was also regularly called homophobic slurs in Polish, including in front of customers. (*Id.*) In addition, in one instance, individuals at LAS tied K.S. to a chair, wrote "I am Gaylord" on his chest, and spun him around while mocking him and taking photos and videos of him. (*Id.*) K.S. was then left alone, tied to the chair until he was able to free himself. (*Id.*)

According to the EEOC, the frequent incidents of harassment took place in the presence of managers, who sometimes participated in the harassment themselves. (*Id.* ¶ 15(b).) K.S. also complained to LAS about the harassment. (*Id.*) Despite K.S.'s complaint, LAS did not take action to end the harassment and so the treatment continued. (*Id.* ¶ 15(c).) The EEOC also alleges that, during the relevant time, LAS lacked policies against discrimination or harassment and failed to train its employees not to engage in discrimination or harassment, or how to complain about discrimination or harassment. (*Id.* ¶ 15(d)–(e).)

K.S. filed an EEOC Charge alleging that LAS violated Title VII. (*Id.* ¶ 7.) Then, at least thirty days following the filing of the EEOC Charge and after the parties' efforts at conciliation failed, the EEOC filed its Complaint in this case. (*Id.*) LAS responded to the Complaint with the instant motion to dismiss. (Dkt. No. 11.)

II.     Discussion

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). In other words, "the plaintiff must include enough details about the subject-matter of the case to present a story that holds together[.] But the proper question to ask is still **could** these things have happened, not **did** they happen." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (internal quotation marks and citation omitted).

Here, the EEOC claims that LAS unlawfully discriminated against K.S. based on his sexual orientation. Harassment based on sexual orientation violates Title VII's prohibition on discrimination on the basis of sex. *Bostock v. Clayton County*, 590 U.S. 644, 683 (2020); 42 U.S.C. § 2000e-2(a)(1). To establish a *prima facie* case of sexual harassment against an employer under Title VII, a plaintiff must show that (1) he was subjected to unwelcome harassment; (2) the harassment was based on his sex; (3) the harassment was sufficiently severe or pervasive so as to alter the condition of his employment and create a hostile or abusive atmosphere; and (4) there is a basis for employer liability. *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 788 (7th Cir. 2007). "Title VII claims are not subject to a heightened pleading standard." *Carlson*, 758 F.3d at 827. Rather, employers "are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims." *Id.* A well-pleaded Title VII complaint must identify the type of discrimination, who committed it, and when it was committed—nothing more. *Huri v. Off. Of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015). Indeed, the required facts may be plead with a "very minimal" level of detail. *Equal Emp. Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 779 (7th Cir. 2007).

LAS's briefs in support of its motion to dismiss are light on relevant legal authority. Aside from citing *Iqbal* and *Twombly* for the federal notice pleading standard, LAS references few cases and those it cites are almost all from Illinois state courts applying state law. Mostly, LAS

2

demands that the EEOC produce evidence that corroborates the allegations in the Complaint. That approach puts the cart before the horse, however, since "evidence is not required at the pleading stage." *Carlson*, 758 F.3d at 827. In addition, LAS takes issue with the fact that the Complaint does not include the names of alleged harassers or dates of specific incidents. But specific names and dates are the sort of factual details that a plaintiff can learn through discovery. Requiring the plaintiff to prove them "before discovery would improperly deny the plaintiff the opportunity to prove its claim." *Concentra Health Services, Inc.*, 496 F.3d at 780; *see also Equal Emp. Opportunity Comm'n v. Int'l Profit Assocs., Inc.*, 647 F. Supp. 2d 951, 975 (N.D. Ill. 2009) ("In view of the totality of the conduct [alleged], a jury could conclude that [the plaintiff's] working environment was hostile, regardless of whether she can identify by name each of her alleged harassers"). Simply put, the EEOC has alleged the basic details required by Seventh Circuit precedent: the type of discrimination (sexual orientation); who engaged in the unlawful conduct (employees and managers at LAS); and when the alleged discrimination occurred (from July 2020 to February 2022). *See Huri*, 804 F.3d at 834.

Despite LAS's protestations to the contrary, the EEOC does not rely on purely conclusory statements to support its claim. Rather, the Complaint recounts multiple instances of unwelcome harassment. That harassment was based on K.S.'s perceived sexual orientation and therefore was based on sex.[1] The EEOC further alleges that the harassment was frequent and that K.S. was "regularly" subjected to harsh homophobic slurs, in addition to at least one instance of physical harassment. Accepted as true, the totality of the alleged conduct could plausibly be considered severe or pervasive enough to create a hostile work environment. *Alamo v. Bliss*, 864 F.3d 541, 549–50 (7th Cir. 2017) (describing totality-of-the-circumstances approach).

Relatedly, LAS suggests that because the alleged harassers are not named, it is unclear whether they were acting as "agents" of LAS when harassing K.S. However, LAS's argument is based on a "traditional agency analysis" under Illinois law (*see* Def. Mot. at 5, Dkt. No. 11) rather than Title VII standards. Indeed, "there is no requirement [under Title VII] that severe or pervasive harassment stem from co-worker or supervisor conduct. An employer may be liable for a hostile work environment originating from the harassing conduct of third parties." *Equal Emp. Opportunity Comm'n v. Vill. At Hamilton Pointe LLC*, 102 F.4th 387, 403 (7th Cir. 2024) (citations omitted). It is true that different standards govern employer liability depending on whether that liability derives from the conduct of supervisors, co-workers, or third parties. *See id.* at 405 (explaining that employers are subject to a negligence standard for third-party and co-worker conduct but strict liability for supervisor conduct). But here, the EEOC alleges that managers at LAS directly participated in the harassment along with K.S.'s co-workers. The EEOC also alleges that K.S. complained to LAS about the harassment. These allegations must be accepted as true for purposes of the present motion. *Killingsworth*, 507 F.3d at 618. Coupled with

---

[1] Even before the Supreme Court made clear in *Bostock* that discrimination based on an employee's sexual orientation violates Title VII, the Seventh Circuit recognized that "Title VII does not permit an employee to be treated adversely because his or her appearance or conduct does not conform to stereotypical gender roles." *Doe by Doe v. City of Belleville, Ill.,* 119 F.3d 563, 580 (7th Cir. 1997)*, overruled on other grounds by Hively v. Ivy Tech Cmty. Coll. of Indiana,* 853 F.3d 339 (7th Cir. 2017).

3

the alleged failure to take action to prevent or remedy the harassment, they provide a sufficient basis for LAS's vicarious liability. *Vill. At Hamilton Pointe LLC*, 102 F.4th at 403 (noting employer is liable for co-worker harassment if employer fails to discover or remedy harassment); *Huri*, 804 F.3d at 834 (noting employer is strictly liable if a direct supervisor harassed the victim). Moreover, based on these alleged facts, it is also plausible that the EEOC will be able to make the showing required to receive punitive damages, which are available under Title VII. *Equal Emp. Opportunity Comm'n v. Mgmt. Hosp. of Racine, Inc.*, 666 F.3d 422, 437–38 (7th Cir. 2012) (explaining that punitive damages are available and describing the test for whether they are proper).

### III. Conclusion

For the foregoing reasons, Defendant LAS Hardwoods, Inc.'s motion to dismiss (Dkt. No. 11) is denied.

Dated: January 25, 2026

_____
Andrea R. Wood
United States District Judge