IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> Plaintiff, <br><br> v. <br><br> LAS HARDWOODS, INC., <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 1:24-cv-4899 <br><br> Judge Andrea R. Wood <br><br> Magistrate Judge Heather K. McShain |

### **CONSENT DECREE**

#### THE LITIGATION

1. Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") filed a complaint commencing this action, in which it alleged that LAS Hardwoods, Inc. ("Defendant" or "LAS Hardwoods") engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), when it subjected a former male employee to harassment based on his sex (sexual orientation). Defendant filed a motion to dismiss denying all of the material allegations in the complaint.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, Plaintiff and Defendant have agreed that this action should be fully and finally resolved by entry of this Consent Decree ("Decree").

#### FINDINGS

3. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that

1

      a.      This Court has jurisdiction over the subject matter of this action and the parties;

      b.      The terms of this Decree are adequate, fair, reasonable, equitable, and just;

      c.      The rights of the parties and the public are adequately protected by this Decree;

      d.      This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person; and

      e.      Entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

<u>INJUNCTION AGAINST DISCRIMINATION AND RETALIATION</u>

    4.      Defendants, its directors, officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined (1) from subjecting any employee to harassment because of sex in violation of Title VII; and (2) engaging in any form of retaliation against any person because such person has opposed harassment on the basis of sex prohibited by Title VII, filed a charge of sex harassment under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing related to sex harassment under Title VII, or asserted any rights under this Decree or for implementing any provision of the Decree.

MONETARY RELIEF

5. Within the latter of thirty (30) calendar days of the approval of this Decree by the District Court or within thirty (30) calendar days after Defendant receives the Release, attached as **Exhibit A**, signed by Kamil Stasik ("Stasik"), Defendant shall pay the gross sum of $12,000 (twelve thousand dollars) to Stasik as compensatory damages. Defendant shall issue an IRS Form 1099 to Stasik. Stasik shall be solely responsible for any taxes due on such amounts. Defendant shall send Stasik's payment by check via Certified or Registered Mail to the mailing address provided by the EEOC. Contemporaneously, Defendant shall submit a copy of the check to the EEOC.

6. If any portion of the monetary relief due to Stasik is not issued and mailed to Stasik within fourteen (14) calendar days of the approval of this Decree by the District Court or fourteen (14) calendar days after Defendant receives the Release, attached as **Exhibit A**, signed by Stasik, whichever is later ("Unpaid Amount"), then for each day beyond the fourteenth (14th) calendar day that such portion remains unpaid, Defendant shall pay to Stasik an equal to the greater of $50 or 0.1% of the Unpaid Amount.

POLICIES AGAINST HARASSMENT AND RETALIATION

7. Within thirty (30) days of the date of the entry of this Decree, Defendant shall review its policies against sex discrimination and harassment (collectively, "Policies") and revise them, if necessary, so that such Policies are available in both English and Polish and include, at minimum, the following:

    a. A prohibition against sexual harassment, including a definition of sexual harassment and examples of behavior that could be considered prohibited sexual harassment;

3

    b. A prohibition against retaliation for complaining about sexual harassment;

    c. A prohibition against retaliation for participating in an investigation into discrimination, including harassment, or for cooperating in an investigation of discrimination;

    d. A provision that employees are not required to complain of sexual harassment or retaliation to a person against whom they allege sex harassment, or retaliation;

    e. A provision that managers who receive a complaint of sexual harassment or retaliation, or who witnesses or otherwise become aware of sexual harassment or retaliation, must report the conduct to LAS Hardwoods human resources or upper management;

    f. A provision that Defendant will protect the confidentiality of sex harassment and retaliation complaints to the extent possible;

    g. A provision that all complaints of sex harassment or retaliation, will be promptly investigated by a person who is trained to conduct such investigations, including interviews of all relevant and available witnesses and review of all relevant and available documentation;

    h. A provision that employees who complain of sexual harassment or retaliation or provide information related to such complaints will not be retaliated against and that employees engaging in retaliation in violation of Defendant's policy may be subject to discipline, up to and including termination;

    i. A provision that, promptly upon the conclusion of its investigation of a sexual harassment complaint, Defendant will communicate to the complaining party

the investigation has been concluded and steps have been taken to prevent a recurrence; and

   j. A provision providing detailed instructions on how to file a Charge of Discrimination with the EEOC and with the Illinois Department of Human Rights.

  8. The inclusion of Paragraph 7 in the Decree does not represent the EEOC's or the Court's approval of Defendant's policies against sexual harassment or retaliation.

  9. Within thirty (30) days of entry of the Decree, Defendant shall provide the EEOC with a copy of the Policies required by Paragraph 7 above. The EEOC will have twenty-one (21) calendar days to comment on the Policies. Defendant must consider any suggestions made by the EEOC with respect to their Policies and provide EEOC with a revised policy or response within twenty-one (21) calendar days of receiving EEOC's comments. Provided EEOC has not sought the Court's assistance pursuant to Paragraph 19 within seven (7) days after Defendant's response, Defendant shall provide a digital copy of its Policies to all its employees. Thereafter, Defendant shall make its Policies available to new employees upon hire.

TRAINING

  10. During the term of this Decree, Defendant shall employ one of the trainers identified by the EEOC via email to Defendant on January 6, 2026 to provide annual training to all employees in both English and through an interpreter in Polish regarding Title VII's prohibition on sexual harassment and retaliation. The owner, all supervisory employees, and all personnel who oversee employees shall attend a separate training session for such employees designed to cover their responsibilities under Title VII. The first training shall take place no later than one hundred and twenty (120) days after entry of the Decree.

Defendant shall provide training at least once every twelve (12) months for the duration of the Decree, with each subsequent training taking place within sixty (60) calendar days of each anniversary following the entry of this Decree. A registry of attendance shall be maintained for each training session required under this Paragraph.

    11. The training for all employees required by Paragraph 10 will include the following elements:

    a. It will describe or portray real-world examples of conduct that is unacceptable in the workplace, including examples involving harassment based on categories protected by Title VII, with at least one specific example related to comments or treatment that would be offensive because of sex;

    b. It will be interactive, providing participants opportunities both to answer and ask questions about how to recognize and respond to potentially problematic behavior;

    c. It will explain the avenues available for reporting incidents of harassment or other discrimination, including the right to file a charge with the EEOC and affirm the individuals who make complaints or reports will not be subjected to any form of retaliation or reprisal; that all complainants and reporters will receive timely notice of whether the investigation has been concluded and steps have been taken to prevent a recurrence; that Defendant will take prompt and appropriate corrective action to remedy harassment and other discrimination in all its facilities; that Defendant will keep complaints and reports and the identities of employees who make them confidential to extent practicable; and

    d.   It will encourage bystander reporting, that is, it will convey that all individuals in the workplace are encouraged (and, for the owner, supervisors, and managers, required) to take action if they observe any behavior that violates Defendant's policies prohibiting sexual harassment and retaliation, and it will explain how they can do so.

12. The training required by Paragraph 10 for managers and human resources personnel shall also include the following elements:

    a.   How to recognize discrimination (including harassment);

    b.   How to take preventative and corrective measures against discrimination (including harassment);

    c.   Responsibilities of business owners and managers under equal employment opportunity laws and Defendant's policies;

    d.   How to properly handle and investigate complaints of discrimination (including harassment) in a neutral manner; and

    e.   How to prevent retaliation.

13. No later than ten (10) business days after each training session described in Paragraph 10, above, takes place, Defendant shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name and position of all the employees subject to the training requirement; and (d) a statement that the training complied with Paragraphs 11 and 12 of this Decree. Copies of any and all pamphlets, brochures,

7

outlines, or other written materials provided or displayed to the personnel attending each training session shall be made available to the EEOC upon written request to Defendant.

## POSTING OF NOTICE

14. No later than ten (10) business days after entry of this Decree, Defendant shall post copies in English and Polish of the Notice attached as **Exhibit B** to this Decree in conspicuous locations in the physical and electronic locations that are regularly used by Defendant for posting legal notices concerning employee rights (*e.g.*, bulletin boards, intranet). The Notices shall remain posted in this manner for the term of this Decree. Defendant shall take all reasonable steps to ensure that the postings are not altered, defaced, or covered by any other material.

15. No later than fifteen (15) business days after entry of this Decree, Defendant shall certify to the EEOC in writing that the Notices have been properly posted in accordance with Paragraph 14.

## RECORD KEEPING

16. During the term of this Decree, Defendant shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report of sexual harassment any employee of Defendant. For each such complaint or report, such records shall include: (a) the name of the person who made the complaint or report and that person's address and cell phone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) the name and position of all employees who were made aware of the complaint or report; (e) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if

8

any, Defendant took, and the name and position of all employees who were involved in any such actions taken; (f) if the complaint or report was made in written form, a copy thereof; and (g) a copy of all documents, including notes, correspondence, photographs, or written statements, collected in the course of the investigation.

## REPORTING

17. Defendant shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

   a. copies of all records described in Paragraph 16, above, for the six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report), or a certification by Defendant that no complaints or reports of sexual discrimination/harassment or retaliation for sexual harassment complaints were received during that period; and

   b. a certification by Defendant that the Notices required to be posted pursuant to Paragraph 18 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report).

## DISPUTE RESOLUTION

18. If the EEOC, during the term of this Decree, believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC shall notify Defendant of the alleged noncompliance in writing and shall afford Defendant fifteen (15) business days to remedy the noncompliance or satisfy the EEOC that Defendant had complied. If within fifteen (15) business days Defendant has not remedied the alleged noncompliance or satisfied the EEOC that it has complied, either party may apply to the Court for relief, including modification of this Decree or any other relief that the Court determines to be appropriate.

19. In resolving any dispute with regard to Defendant's or Plaintiff's compliance with any provision of this Decree upon proper notice and motion, the Court shall have available to it all equitable remedies which come within the Court's inherent authority.

## TERM AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION

20. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of three (3) years immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 19, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

21. Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

22. Defendant agrees that the receipt of monetary relief shall not be conditioned on any matter not expressly set forth in this Decree. In particular, monetary relief is not conditioned on the agreement of Kamil Stasik to: (a) maintain as confidential the facts and/or allegations underlying the charge, his complaints, or the terms of this Decree; (b) waive any statutory rights to file any future charge with any governmental agency, provided, however, the amounts paid pursuant to this Decree are the sole amounts Stasik is entitled to recover for the claims included in the Complaint in this action; or (c) agree to a non-disparagement and/or confidentiality agreement.

23. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of Defendant. Prior to any final sale or other transfer of any Defendant's business, or sale or other transfer of all or a substantial portion of any Defendant's assets, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

24. When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant to the best of such officer or management employee's knowledge, information, and belief.

25. Defendant shall require personnel within their employ, upon request by the EEOC with at least five days notice, to cooperate reasonably with, and to be interviewed via zoom or telephone by, the EEOC for purposes of verifying compliance with this Decree.

26. Both parties acknowledge that submissions made pursuant to this Decree are subject to the terms of any Protective Order entered in this litigation.

27. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be sent by electronic mail to: cdo_decrees@eeoc.gov.

28. The EEOC may be required to report the fact of this settlement to the Internal Revenue Service (IRS) under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

    a. The Defendant's EIN is: 26-0182922

    b. The individual to whom the EEOC should email a copy of the form 1098-F, if required to do so, is:

        i. Name: Malgorzata Bialon, Authorized Agent of the Defendant

        ii. Email Address: gosia@lashardwoods.com

29. The only parties to this Consent Decree are the EEOC and LAS Hardwoods, Inc.

SO ORDERED, ADJUDGED, and DECREE on this ___ day of _____ 2026.

By the Court:

_____

The Hon. Andrea R. Wood
United States Judge

12

Agreed to in form and content:

**For Plaintiff Equal Employment Opportunity Commission**

Catherine L. Eschbach, Acting General Counsel
Christopher Lage, Deputy General Counsel
Gwendolyn Young Reams, Associate General Counsel
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

*/s/ Gregory Gochanour*
Gregory Gochanour
Regional Attorney
Deborah Hamilton
Assistant Regional Attorney
U.S. Equal Employment Opportunity Commission
Chicago District Office


**For Defendant LAS Hardwoods, Inc.**

_____  2/1/2026
Malgorzata Bialon
General Manager and Agent for LAS Hardwoods, Inc.

13

**EXHIBIT A**

## **RELEASE AGREEMENT**

In consideration of $12,000 to be paid to me by Defendant in connection with the resolution of *EEOC v. LAS Hardwoods, Inc.,* No. 1:24-cv-4899, I waive my right to recover for any claims of sexual harassment arising under Title VII of the Civil Rights Act of 1964 that I had against Defendant on or before the date of this release and that were included in the claims in the EEOC's complaint in *EEOC v. LAS Hardwoods, Inc.,* No. 1:24-cv-4899.

Signed: _____   Date: _____
Kamil Stasik

**EXHIBIT B**

<u>NOTICE TO DEFENDANT'S EMPLOYEES</u>

This Notice is posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. LAS Hardwoods, Inc.,* No. 1:24-cv-4899, resolving the lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against LAS Hardwoods.

In this lawsuit, the EEOC alleged that Defendant violated Title VII of the Civil Rights Act of 1964 (Title VII) by subjecting an employee to sexual harassment and the Defendant filed a motion denying all allegations in the complaint.

To resolve this case, the EEOC and Defendant have entered into a Consent Decree requiring, among other things, that:

1. Defendant will pay an agreed amount of damages to the employee who was affected by the violations;

2. Defendant is enjoined from subjecting employees to sexual harassment;

3. Defendant is enjoined from retaliating against anyone for making a report or complaint about unlawful employment discrimination or harassment, for filing a charge of discrimination, or for participating in any way in a proceeding under Title VII: and

4. Defendant will adopt and distribute a policy against discrimination and harassment and provide training to its employees on the policy and the requirements of Title VII.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex, religion, national origin, age, disability or genetic information. If you believe you have been discriminated against on one of the foregoing bases, you may contact the EEOC at (312) 872-9777. You can also reach the EEOC through EEOC's ASL Video Phone (1-844-234-5122) or TTY (1-800-669-6820). The EEOC charges no fees.

<u>THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE</u>

This Notice must remain posted for from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: EEOC; LAS Hardwoods Consent Decree Compliance, Legal Unit; 230 S. Dearborn Street, Suite 2920; Chicago, Illinois 60604.

DATED: _____

_____

The Hon. Andrea R. Wood

United States District Judge